

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Joe Kunschik, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. 0-3140
Re: Authority of boxer to con-
tract for his own appearance
upon manager's suspension.

This will be in reference to your letter of
February 7, 1941, requesting the opinion of this department
upon the matter set forth above. We appreciate the assist-
ance rendered by your Mr. George in acquainting us with the
background of this matter.

You state that Joe Blok is a boxer; John Doe his
manager. The licen8e of Doe has been suspended because of
his failure to live up to the terms of his contract with
Blok. You desire to know whether or not it will be permis-
sible for Blok to act as his own manager during the period
of suspension, and you state that this has been the inter-
pretation accorded this situation by your department. That
is, your interpretation has been that the contract is held
in suspense and that all such Joe Bloks are free to con-
tract for their own appearance for the period of their mana-
gers' suspension.

In this we believe you are entirely correct.

Article 614-17c of Vernon's Annotated Penal Code
provides, in part:

"The Commissioner of Labor is hereby em-
powered and it is hereby made his duty to pro-
mulgate any and all reasonable rules and regu-
lations which may be necessary for the purpose
of enforcing the provisions of this Law.  * *
* *.  The Commissioner of Labor is also vested
and has the power and authority to revoke or

suspend    the license or permit of any boxer,
wrestler, manager, referee, match-maker, time-
keeper, second or promoter for violation of
any rule or regulation which may be promulgated
by the Commissioner of Labor or for the viola-
tion of any provision of this Law wherein the
penalty is not specifically provided. * * * .
Any person who may be affected by any penalty
imposed by the Commissioner of Labor, or is
dissatisfied with the same, shall have the right
to appeal to any District Court of Travis County,
Texas; the trial shall be de novo and the pro-
cedure the same as other civil cases and upon
such trial the court shall have the same powers
as the Commissioner to impose the penalties here-
in provided for the violation of any reasonable
rule of the Commissioner or any provision of
this Act wherein a penalty is not specifically
provided."

We assume that the license of Doe has been validly
suspended by virtue of this Article and that no appeal has
been taken to the District Court.

Rule 7 of the General Rules and Regulations of the
Commissioner of Labor, Chapter 2, reads as follows:

"No promoter shall be allowed to contract
for the services of a boxer, wrestler, referee,
timekeeper, manager, match-maker, or second
unless he is licensed by the Commissioner of
Labor, nor to enter into a contract for the ser-
vices of or negotiate with any boxer, wrestler,
referee, timekeeper, manager, match-maker, or
second whose license has been suspended or re-
voked."

Rule 26 provides:

"If the contestant has no manager legally
entitled to represent him the purse shall be
paid to the said contestant in the full amount
due him under his contract."

Rule 25 of the Boxing Rules and Regulations, Chapter 3, promulgated by the Commissioner provides in part:

"**Managers-Contestants Contract.**--In order that a contract between a boxer and a manager be recognized the following require- ments are necessary:

"(1) Both manager and boxer shall have a valid license;

"In case managerial authority is temporar- ily transferred to another person as acting manager, said acting manager shall:

"(a) Hold a valid manager's license;

"(b) Present written agreement, signed by both manager and boxer;

"(c) File copy of such written agreement of transfer of authority with the Commissioner of Labor for his ap- proval."

Certainly there is no prohibition in the Act that would prevent a boxer from acting as his own manager in the situation described in your letter. Moreover, we think the Commissioner's rules and regulations also amply provide for such situations.

Under those regulations a contract between the boxer and manager will not be recognized by the Commissioner unless both have a valid license. The manager in question does not have one. Moreover, a promoter is prohibited from negotiat- ing with a manager whose license has been suspended; and the rules further provide that if a contestant has no manager legally entitled to represent him, he himself shall be paid the full amount of any purse due him under a contract.

It is, therefore, our opinion and you are advised that under Articles 614-1 - 614-17c of Vernon's Annotated Penal Code, and the Rules and Regulations of the Commissioner of Labor thereunder duly promulgated, when the license of a manager has been suspended the boxer in question may act as his own manager or may contract for the services of another manager during the period of suspension.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By         /s/
James D. Smullen
Assistant

JDS:ej

APPROVED MAR 15, 1941

/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved
Opinion Committee
By B.W.B., Chairman